UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MEGAMEN MOVING & STORAGE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MEGA MAN MOVING LLC and<br>ANTHONY COVIELLO,<br><br>    Defendants. | Civil Action No. |

### VERIFIED COMPLAINT FOR CONTEMPT

#### i.   Introduction

1. This is a Complaint for Contempt brought by Plaintiff Megamen Moving & Storage, LLC ("Megamen" or "Plaintiff") against Defendants Mega Man Moving LLC ("Mega Man") and Anthony Coviello ("Mr. Coviello") (together, "Defendants") for the latters' violation of a Consent Judgment issued by this Court on February 20, 2024. *See* Megamen Moving & Storage LLC v. Mega Man Moving LLC, C.A. No.: 24-cv-10259-RGS, ECF No. 12. Megamen has added Mega Man's owner, Mr. Coviello, as a defendant, though he was not a party to the prior litigation, as he controls Mega Man and made the threats which sought to weaponize exactly the species of confusion against which the trademark laws are meant to guard.

2. The Consent Judgment provides, among other things, that Mega Man and its officers, agents, employees, successors, attorneys , and all those in active concert or participation with Mega Man "shall not use in any manner, including, without limitation, as part of a website domain name or in connection with any social media, any trademark, service mark, trade name or assumed named containing the term 'Mega Man,' 'Megaman,' 'Megamen,' or any other variation of those words." Yet, the Defendants continue to use the

1

term Mega Man in various advertisements on the internet and even use that mark on their website, among other violations of the Consent Judgment. Indeed, as late as **March 22, 2024**, a Mega Man customer contacted Megamen because she left a security deposit with Mega Man, yet no one had picked up her belongings; she called Megamen by mistake because she confused the names.

3. Megamen requires expeditious action to ensure that Mega Man and Mr. Coviello do not continue to leverage the Megamen mark in violation of the Consent Judgment. As Mr. Coviello put it to Megamen's owner, Matthew Analetto ("Mr. Analetto"), in the underlying litigation, "[i]t's amazing how much business we lose with just one bad review."

### ii. Parties

4. Megamen is a Massachusetts limited liability company with a principal place of business at 21 Olympia Avenue, Woburn, Massachusetts 01880.

5. Mega Man is a Florida limited liability company with a principal place of business at 500 Fairway Drive, Deerfield Drive, Florida 33441. Mega Man's mailing address is listed as 187 SW 7th Street, Pompano Beach, Florida 33060.

6. Mr. Coviello is an individual who resides at 187 SW 7th Street, Pompano Beach, Florida 33060. Mr. Coviello controls and manages Florida-based Mega Man.

### iii. Jurisdiction and Venue

7. This is a Complaint for Contempt for the Defendants' violation of a Consent Judgment issued by this Court on February 20, 2024, without trial or adjudication, and upon agreement of the parties, to resolve claims set forth in the original Complaint brought by Megamen in Civil Action No.: 24-cv-10259-RGS. This Court had jurisdiction and venue in the underlying case, and, therefore, has jurisdiction and venue in this case.

### iv. Factual Allegations

**I.  Megamen Establishes its Strong Reputation Associated with its Mark.**

8. On June 12, 2014, Megamen was established as a domestic limited liability company in the Commonwealth of Massachusetts.

9. Megamen is managed by Mr. Analetto, whose guidance and careful stewardship over the years has built Megamen's strong reputation and loyal client base in the residential and commercial moving and storage industry through consistent quality and reliability in the services provided.

10. Megamen's commitment to its customers is reflected in its online reviews, which are overwhelmingly positive. Megamen has a 4.9 out of 5 stars on Google reviews and a 4.8 out of 5 stars on Yelp. Megamen's review highlights include, without limitation, the following statements:

   a. "I recently used MegaMen Moving & Storage to move. They were extremely friendly, professional and careful with my furniture. Matt the owner really cares that my expectations were met. When an issue would arise they handled it quickly and with care. I also appreciated their honesty when it came to moving overflow items to a storage unit versus their own in house units. I look forward to using them again."

   b. "Matt and his crew were amazing! They were on time and efficient. I lived in an apartment with some tight turns to move out and they all did it with ease. I was so impressed with how quickly they did everything. They also had to take apart and put together some of my furniture.  I was shocked how easy it looked to them. 10/10 would hire them again!"

      c. "I have never had a better experience moving! They showed up on time and got right to work. Worked fast and steady the entire time. Took special care with all items. The men were friendly and very helpful. Came in under estimate. Hire them, you will be glad you did. I give them 10 out of 5 stars. Thank to you, Matt* and the men you brought!"

11. In the moving industry, companies rely on their online presence and customer feedback in order to gain and retain customers. Unlike retail, restaurants, and other brick and mortar industries, consumers do not physically visit the moving company that they choose. They instead rely on search engines to direct them to moving companies that fit their criteria. As a result, a company's reputation, including online reviews and ratings posted on websites such as Yelp and Google Reviews, is of paramount importance to gaining and maintaining business. Indeed, many customers search for a moving company by reviewing online reviews of various moving companies.

12. In order to protect the name of its business and the good will that customers have come to associate with its name and services, Megamen applied for and received a trademark registration from the U.S. government on January 12, 2021 and November 16, 2021, respectively, for the mark "Megamen Moving & Storage" (the "Mark").

**II.     Mega Man Infringes on the Mark and Threatens Megamen.**

13. On February 1, 2023, Florida-based Mega Man was established as a limited liability company, and, despite zero affiliation, Mega Man held itself out as being related to Massachusetts-based Megamen, thereby capitalizing on Megamen's well-established online presence and positive customer feedback to build itself up at the expense of Megamen.

14. Upon learning that Florida-based Mega Man was infringing on the "Megamen" trademark—a revelation discovered though negative online reviews and complaints about Massachusetts-based Megamen from angry customers to whom the company had never provided any services at all—Mr. Analetto reached out to Mega Man and spoke with its owner, Mr. Coviello, who refused to cease using the Mark.

15. On January 30, 2024, Massachusetts-based Megamen filed a Verified Complaint and Jury Demand against Florida-based Mega Man, alleging that the latter infringed the former's trademarks by cybersquatting on a nearly identical domain name (megamanmoving.com), and, worse yet, telling customers that the two companies are associated to use the goodwill in the Megamen trademark to launch a competing moving business and steal customers from Massachusetts-based Megamen. A true and accurate copy of the Verified Complaint and Jury Demand is attached here as **Exhibit 1**. A true and accurate copy of the Motion for Preliminary Injunction and supporting memorandum is attached here as **Exhibit 2**.

16. On February 1, 2024, a negative 1-star review was posted on Megamen's Yelp by user "Margaret S." out of San Francisco, California, stating "Scam Scam Scam!!!. These guys are really bad people to trust with your life. They completely ripped us off and refused to give us our deposit back after they said they would. I understand that deposits aren't refundable sometimes but they literally said that it was. I read so many bad reviews I should have listened to them. I talked to Matt the owner and he completely convinced me to trust him and everything he said was a lie[.]" Megamen has never had any customer or potential customer in San Francisco named Margaret and has never done anything like the actions the review alleges.

17. On February 5, 2024 Mr. Coviello threatened Mr. Analetto. He told Mr. Analetto that "it's going to get bad for you" if Mr. Analetto continued to push the lawsuit. He continued, "just pay attention in the next few days and you'll be sorry."

18. Less than thirty minutes after Mr. Coviello threatened Mr. Analetto on February 5, 2024, another 1-star review was posted, this time on Megamen's Google review page by user "Sonia Lipa," stating "Worst company I have ever dealt with. The owner Matt lied to me about everything and totally overcharged me once they had my belongings on the truck and I couldn't do anything. My move went from $3200 to $15,000 AND THEY HELD MY PROPERTY HOSTAGE UNTIL I PAID THEM. I'm definitely taking them to court[.]" Megamen has never had a customer by the name of "Sonia Lipa" and has never done anything remotely similar to what is alleged in her Google review.

19. Within minutes of the "Sonia Lipa" Google review being posted online, the owner of Florida-based Mega Man, i.e., Mr. Coviello, sent the owner of Massachusetts-based Megamen, i.e., Mr. Analetto, a text message offering to "help" with the negative reviews because "*[i]t's amazing how much business we lose with just one bad review*." Mr. Coviello claimed that the parties would be better off working together than against each other, and he tried to sweeten the deal by offering to send Mr. Analetto jobs in exchange for refraining from "try[ing] to fuck each other over." Mr. Analetto refused to entertain these cyber extortion tactics and politely stated, "No thanks." A true and accurate copy of the Affidavit of Matthew Analetto previously submitted in the underlying case and describing the above-mentioned events is attached here as **Exhibit 3**. A true and accurate copy of the above-mentioned text messages is attached here as **Exhibit 3, sub-exhibit C** (emphasis supplied).

20. On February 6, 2024, another 1-star review was posted online, again on Megamen's Google review page by user "Keya Oliva," stating "This place took my deposit and never even showed up. Now they are ghosting me. Every number I call them from they block. How could you do this to someone this is so wrong. Please just give me my deposit back you never even lifted a finger or even showed up[.]" A true and accurate copy of the "Keya Oliva" Google review is attached here as **Exhibit 3**, **sub-exhibit B**. Megamen has never had a customer by the name of "Keya Oliva" and has never done anything remotely similar to what is alleged in her Google review.

### III. The Parties Agree to Entry of a Consent Judgment.

21. In the interest of compromise and settlement and in recognition of the positions of the parties to the underlying case, Massachusetts-based Megamen and Florida-based Mega Man agreed to entry of a Consent Judgment issued by this Court on February 20, 2024 ("Consent Judgment"). A true and accurate copy of the Consent Judgment is attached here as **Exhibit 4**.

22. Pursuant to the Consent Judgment, **the Court ordered Mega Man, its officers, agent, employees,** successors, attorneys, **and all those in active concert or participation with Mega Man to permanently refrain from the following conduct** *within seven (7) days of issuance of the Consent Judgment*: (i) use, in any manner, of the trademark, service mark, trade name, company name or assumed name which resembles, in whole or in part, the federal registration of Plaintiff Megamen Moving & Storage, as set forth in Exhibit A of the original Complaint in the underlying action, or any other name or mark owned or used by Mega Man Moving LLC so as to cause likelihood of confusion, mistake or deception with respect to origin, relationship, or affiliation by or with Plaintiff Megamen Moving & Storage;

7

(ii) use, in any manner, including, without limitation, as part of a website domain name or in connection with any social media, any trademark, service mark, trade name or assumed named containing the term "Mega Man," "Megaman," "Megamen," or any other variation of those words; and (iii) causing reviews regarding Plaintiff Megamen Moving & Storage to be posted on the Internet.

23. The Court further ordered Mega Man to "immediately take all reasonable steps to cause the removal of all reviews regarding the plaintiff which [Mega Man] has caused to be posted on the internet or which have been posted as a result of the confusion between defendant's business name and the plaintiff's mark, including, without limitation, those attached [to the Consent Judgment] as Exhibit A."

24. Mr. Coviello controls and manages Florida-based Mega Man, and is, therefore, subject to the Consent Judgment. Mr. Coviello is named individually as a defendant in this lawsuit, and rightfully so, because (i) he controls and manages the business that is infringing upon the Mark; (ii) he threatened Mr. Analetto and made good on his word to cause negative reviews about Massachusetts-based Megamen to be posted online if Mr. Analetto continued to push the underlying lawsuit; and (iii) he is the chief person who can put a stop to Florida-based Mega Man's infringement upon the Mark.

**IV.     Mega Man Violates the Consent Judgment.**

25. Despite the entry of the Consent Judgment, Mega Man has continued to use the Megamen mark on its website, elsewhere on the internet, and in the physical world, including continuing to cause actual customer confusion between Megamen and Mega Man. Indeed, negative reviews which resulted from either the confusion over the mark or Mega Man's direct attempts to undermine Megamen remain active and on-line.

26.     Indeed, as recently as March 22, 2024, a Mega Man customer from Trenton, New Jersey called Mr. Analetto of Megamen because of ongoing confusion in the mark. The customer, whose first name was Karen, said that she had left a security deposit with a "Brian Berg" but had not heard back since. There is no one by the name of Brien Berg who works or has ever worked for Megamen, as Mr. Analetto explained. Karen had attempted to obtain moving services from Mega Man, but mistakenly believed the Megamen had caused the issue of retaining her security deposit without providing any services.

27.     Mega Man changed the domain name of its website to "mymoveprice.com," but, despite the Consent Judgment, Mega Man continues to use the term "Mega Man" on its website. A true and accurate copy of the "Long Distance Moves" page embedded on Mega Man's website (as of March 5, 2024) is attached here as **Exhibit 5**. The use of the term "Mega Man" at the top of the page and the customer reviews posted under the "What People Say About Us" section at the bottom of that page is a clear violation of paragraphs 2 and 3 of the Consent Judgment, and, therefore, must be removed from Mega Man's website forthwith.

28.     Upon information and belief, Mega Man embedded the term "Mega Man" on the "Long Distance Moves" page of its website to increase its search engine optimization ("SEO"). In simple terms, SEO means the process of improving a website to increase its visibility in Google, Microsoft Bing, and other search engines whenever people search for keywords published on the website. By using the term "Mega Man" and conveniently embedding it onto a subpage of its website, Mega Man is building itself off the good name and reputation of Megamen to increase its ranking in search engines and bring more traffic to its newly renamed website. A true and accurate copy of a Google search using the term "Mega Man Moving" showing Mega Man's website "mymoveprice.com" as one of the top

15 search result on Google (as of March 5, 2024) is attached here as **Exhibit 6**. Use of the term "Mega Man" on its website is a blatant violation of paragraph 2, subsection (ii) of the Consent Judgment, and, therefore, must be removed from Mega Man's website forthwith.

29. The negative one-star review posted on Megamen's Yelp page by a user who goes by the name of as "clyde j." from Germantown, Tennessee, and identified in Megamen's original Complaint in the underlying action, remains posted on the Internet. The negative one-star review posted on Megamen's Yelp page by a user who goes by the name of "Margaret S." from San Francisco, California, and identified in Exhibit A of the Consent Judgement, also remains posted on the Internet. No person with either name has ever been a Megamen customer. A true and accurate copy of Megamen's Yelp page showing the negative one-star reviews posted by "clyde j" and "Margaret S" as still up on the Internet (as of March 6, 2024) is attached here as **Exhibit 7**.

30. Upon information and belief, Mega Man did not take any steps to cause the removal of the above-mentioned negative reviews and all other such reviews from the Internet that were posted at the direction of Mega Man and/or because of the confusion between Mega Man's business name and Megamen's trademark, in violation of paragraph 3 of the Consent Judgment. A true and accurate copy of Mega Man's Yelp page containing of the term "Mega Man" and showing several negative one-star reviews for Mega Man (as of March 6, 2024) is attached here as **Exhibit 8**, which, for reasons articulated in Megamen's original Complaint in the underlying action, will have, and already has had, the effect of causing consumer confusion.

31. To the extent Mega Man does not maintain its Yelp page, it must take all reasonable steps immediately, and at its own expense, to remove the reviews on that page

and/or the page itself from the Internet pursuant to paragraphs 3 and 4 of the Consent Judgment. The same is true as it relates to other reviews on the Internet. A true and accurate copy of other reviews for Mega Man Moving LLC still showing up on the Internet (as of March 6, 2024) is attached here as **Exhibit 9**.

32. Florida-based Mega Man continues to advertise using the "Mega Man" name and logo which bears a striking resemblance to the logo previously used by Massachusetts-based Megamen. For reference and comparison, the following is Megamen's logo:



And the following are Mega Man's logos:





A true and accurate copy of internet advertising and/or posts where Florida-based Mega Man continues to use the "Mega Man" name and logo as of March 13, 2024 in violation of paragraph 2, subsections (i) and (ii) of the Consent Judgment is attached here as **Exhibit 10**.

11

### v. **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue an Order requiring Mega Man Moving LLC and Anthony Coviello to show cause why they should not be held in contempt.

b. Issue an Order requiring Mega Man Moving LLC and Anthony Coviello to provide forthwith verified copies of all records, including electronic records, relating to:

　　i. use, in any manner, of the trademark, service mark, trade name, company name or assumed name which resembles, in whole or in part, the federal registration of Plaintiff Megamen Moving & Storage, as set forth in Exhibit A of the original Complaint in the underlying action, or any other name or mark owned or used by Mega Man Moving LLC so as to cause likelihood of confusion, mistake or deception with respect to origin, relationship, or affiliation by or with Plaintiff Megamen Moving & Storage from the date of the Consent Judgment to present;

　　ii. use, in any manner, including, without limitation, as part of a website domain name or in connection with any social media, any trademark, service mark, trade name or assumed named containing the term "Mega Man," "Megaman," "Megamen," or any other variation of those words from the date of the Consent Judgment to present; or

　　iii. reviews regarding Plaintiff Megamen Moving & Storage posted on the Internet from the date of the Consent Judgment to present.

c. Issue an Order requiring Mega Man Moving LLC to designate and produce Anthony Coviello to testify at a deposition, on a date, time and place of Plaintiff's choosing, concerning Mega Man Moving LLC's violation of the Consent Judgment issued on February 20, 2024.

d. After an evidentiary hearing, find Mega Man Moving LLC and Anthony Coviello to be in contempt of the Consent Judgment issued on February 20, 2024 by using and/or closely imitating the registered trademark of Plaintiff Megamen Moving & Storage.

e. After an evidentiary hearing, determine the sale of services provided by Mega Man Moving LLC to have come about through trademark infringement on and before February 1, 2023, i.e., the date of incorporation of Florida-based Mega Man, and, in turn, issue an Order awarding Plaintiff Megamen Moving & Storage an equitable share of Mega Man Moving LLC's gross sales during the period of infringement.

f. After an evidentiary hearing, issue an Order finding that Mega Man Moving LLC's actions were malicious, fraudulent, deliberate, and willful as to equal the facts of cases where courts have found c. 93A violations, and, in turn, issue an Order awarding multiple damages and reasonable attorney's fees to Plaintiff Megamen Moving & Storage in connection with prosecuting its claims against Mega Man Moving LLC for trademark infringement.

g. Enter such further relief as is necessary and just to remedy Mega Man Moving LLC's contempt of the Consent Judgment issued on February 20, 2024.

A Proposed Order of Contempt for the Court's consideration is attached here at **Exhibit 11**.

Respectfully submitted,

MEGAMEN MOVING & STORAGE, LLC,

By its Attorneys,

_____
Benjamin J. Wish (BBO No. 672743)
Widmaier M. Charles (BBO No. 705208)
Todd & Weld LLP
One Federal Street, 27th Floor
Boston, MA 02110
Telephone: 617-720-2626
bwish@toddweld.com
wcharles@toddweld.com

Dated: March 28, 2024

## **VERIFICATION**

I, Matthew A. Analetto, hereby verify that the foregoing recitation of facts, other than the allegations made on information and belief, are true based on my personal knowledge and on the documents that I reviewed for purposes of preparing this Verified Complaint for Contempt.

Signed under the penalties of perjury on the 28th day of March, 2024.

*/s/ Matthew A. Analetto*
Matthew A. Analetto
Owner/Manager
MegaMen Moving & Storage, LLC